# EXHIBIT A

02/17/2015 13:28 FAX  415 391 6858      STEVEN A FABBRO                    ☒ 017/035

02/06/2015 13:11 FAX  415 391 6858      STEVEN A FABBRO                    ☒ 005/015

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Optima Network Services, MasTec, Inc., MasTec Network Solutions,
Tricam Industries, Inc., Tricam Industries Asia Ltd. ,

**YOU ARE BEING SUED BY PLAINTIFF:**   DOES 1 to 100.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Joseph Richardson



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

FEB 06 ???

CLERK Louis Staley, Jr. COURT
By

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California,<br>County of Alameda, 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* RG15757762 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STEVEN A. FABBRO, ESQ., 601 Montgomery Street, Suite 2000, San Francisco, CA 94111

| DATE:  FEB 06 2015 | Leah T. Wilson | Clerk, by | Louis Staley, Jr. | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretaria)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *Tricam Industries Asia Ltd.*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other (specify): *Business Organization form Unknow*
4. ☐ by personal delivery on (date):

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Page 1 of 1

02/17/2015 13:27 FAX  415 391 6856     STEVEN A FABBRO                    ☑ 015/035

02/08/2015 19:10 FAX  415 391 6856.    STEVEN A FABBRO                    ☑ 002/015

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| STEVEN A. FABBRO, ESQ. SBN 107973 LAW OFFICES OF STEVEN A. FABBRO 601 MONTGOMERY STREET, SUITE 2000 SAN FRANCISCO, CA 94111 TELEPHONE NO.: 415/391-6850    FAX NO.: 415/391-6856 ATTORNEY FOR (Name): Plaintiff Joseph Richardson | ENDORSED FILED ALAMEDA COUNTY FEB 06 2015 CLERK OF THE SUPERIOR COURT By. Louis Staley, Jr. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Joseph Richardson v. Optima Network Services, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RG15757762 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

BY FAX

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 6, 2015
STEVEN A. FABBRO, ESQ.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

105M629723805.tif - 2/8/2015 12:59:34 PM

001M630556725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:28 FAX  415 391 8856          STEVEN A FABBRO                    ☑018/035

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                              Page 2 of 2

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:29 FAX   415 391 6856          STEVEN A FABBRO                    ☑ 010/035

02/08/2015 19:12 FAX   410 391 9856          STEVEN A FABBRO                    ☑ 007/016

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| STEVEN A. FABBRO, ESQ. SBN 107973<br>Law Offices of Steven A. Fabbro<br>601 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415/391-6850   FAX NO. (Optional): 415/391-6856<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Joseph Richardson | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>FEB 09 2015<br><br>CLERK Louis Staley, Jr.<br>By |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF: Joseph Richardson

DEFENDANT: Optima Network Services, MasTec, Inc., MasTec
Network Solutions, Tricam Industries, Inc., Tricam Industries Asia Ltd.,
☑ DOES 1 TO 100

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE   ☑ OTHER (specify): Negligence, Product Liability
☐ Property Damage   ☐ Wrongful Death
☑ Personal Injury   ☐ Other Damages (specify):

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded  ☐ does not exceed $10,000
                 ☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

RG15757762

1. Plaintiff (name or names): Joseph Richardson
   alleges causes of action against defendant (name or names): Optima Network Services, MasTec, Inc., MasTec Network
   Solutions, Tricam Industries, Inc., Tricam Industries Asia Ltd., Does 1 to 100
2. This pleading, including attachments and exhibits, consists of the following number of pages:  6
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

BY FAX

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Page 1 of 3 |
| | | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

105M628728005.tif - 2/6/2015 12:59:34 PM

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:29 FAX  415 391 6958        STEVEN A FABBRO                              ☑ 019/035

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Joseph Richardson v. Optima Network Services, et al. | |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person               Services                    Solutions
   a. ☑ except defendant (name): Optima Network/        c. ☑ except defendant (name): MasTec Network/
      (1) ☑ a business organization, form unknown            (1) ☑ a business organization, form unknown
      (2) ☐ a corporation                                    (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):             (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                                 (5) ☐ other (specify):


   b. ☑ except defendant (name): MasTec, Inc.          d. ☑ except defendant (name): Tricam Industries, Inc.
      (1) ☑ a business organization, form unknown            (1) ☑ a business organization, form unknown
      (2) ☐ a corporation                                    (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):             (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                                 (5) ☐ other (specify):


   ☑ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1 to 50 _____ were the agents or employees of other
        named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 51 to 100 _____ are persons whose capacities are unknown to
        plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):


9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

001MC30558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:30 FAX  415 391 6856          STEVEN A FABBRO                    ☑ 020/035

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Joseph Richardson v. Optima Network Services, et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☑ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*

   Such other general and special damages as may be established at the Trial of this case.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: February 6, 2015

STEVEN A. FABBRO, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          **COMPLAINT—Personal Injury, Property**          Page 3 of 3
                                           **Damage, Wrongful Death**

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:30 FAX  415 391 6656        STEVEN A FABBRO                      ☑021/035

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Joseph Richardson v. Optima Network Services, et al. | |

ATTACHMENT *(Number):* 5

*(This Attachment may be used with any Judicial Council form.)*

5. Each Defendant above is a natural person

e. _X_  Tricam Industries Asia, Ltd.
    (1)  _X_ a business organization form unknown
    (2)  ___ a corporation
    (3)  ___ an unincorporated entity (describe)
    (4)  ___ other (specify):

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __4__ of __6__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2000]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 18:30 FAX  415 391 8956        STEVEN A FABBRO                    ☒022/035

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Joseph Richardson v. Optima Network Services, et al. | |

FIRST                    **CAUSE OF ACTION—General Negligence**    Page ___5___
_(number)_

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

GN-1. Plaintiff _(name):_  Joseph Richardson

alleges that defendant _(name):_  Optima Network Services, MasTec, Inc., MasTec Network Solutions

[✓] Does  1 - 10   to  51 - 60

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on _(date):_  February 7, 2013
at _(place):_ 357 Stealth Court, Livermore, California

_(description of reasons for liability):_

At all times mentioned herein Defendants Optima Network Services, MasTec, Inc., MasTec Network Solutions, and/or Does 1 to 10 and/or 51 to 60, and each of them, owned, maintained, repaired, managed, controlled, and/or provided a step ladder to Plaintiff Joseph Richardson for his use during the course of Plaintiff's installation of interior wiring at Defendants' place of business and/or job site located in Livermore, California. In so providing the ladder to Plaintiff for such use, Defendants owed a duty of due care to Plaintiff to assure that such ladder was safe, fit and appropriate for Plaintiff's intended use which was at all times known by and/or should have been known by Defendants. Defendants, and each of them, breached said duty of care in that they knew and/or reasonably should have known that the step ladder would be used by Plaintiff without inspection, and that the ladder and/or its component parts were unfit, unsafe and/or defective condition that made them dangerous and/or unsafe for such intended use by Plaintiff. As a direct and proximate result of Defendants' negligence and carelessness as described above, the ladder broke and/or collapsed in the course of Plaintiff's foreseeable use of the ladder, causing Plaintiff to fall to the ground and sustain serious personal injuries including, but not limited to a fracture of his wrist, and thereby caused Plaintiff to incur past and future general and economic damages including hospital medical expenses; loss of wages, earnings and/or earning capacity; pain and suffering; and/or permanent disability.

Page 1 of 1
CAUSE OF ACTION—General Negligence
Form Approved for Optional Use / Judicial Council of California / PLD-PI-001(2) [Rev. January 1, 2007]
Code of Civil Procedure 425.12 / www.courtinfo.ca.gov
American LegalNet, Inc. / www.FormsWorkflow.com

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:31 FAX  415 391 6856          STEVEN A FABBRO                                    ☑ 023/035

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Joseph Richardson v. Optima Network Services, et al. | |

SECOND _____          **CAUSE OF ACTION—Products Liability**      Page ___6___
   (number)

ATTACHMENT TO  [☑] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Joseph Richardson

Prod. L-1. On or about *(date):* February 7, 2013          plaintiff was injured by the following product:

Husky Step Ladder, Model No. 0146001-02, or other step ladder, manufactured by Tricam Industries, Inc., Tricam Industries Asia Ltd., and/or Does 11 to 20 and/or 61 to 70.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
   [☑] used in the manner intended by the defendants.
   [☑] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
   [ ] purchaser of the product.          [☑] user of the product.
   [ ] bystander to the use of the product.          [ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [☑] **Count One—Strict liability** of the following defendants who
   a. [☑] manufactured or assembled the product *(names):*
      Tricam Industries, Inc., Tricam Industries Asia Ltd.

         [☑] Does 11 to 12 _____ to 61 to 62 _____

   b. [☑] designed and manufactured component parts supplied to the manufacturer *(names):*
      Tricam Industries, Inc., Tricam Industries Asia Ltd.

         [☑] Does 13 to 14 _____ to 63 to 64 _____

   c. [☑] sold the product to the public *(names):*
      Tricam Industries, Inc., Tricam Industries Asia Ltd.

         [☑] Does 15 to 16 _____ to 65 to 66 _____

Prod. L-5. [☑] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
      Tricam Industries, Inc., Tricam Industries Asia Ltd.
         [☑] Does 17 to 18 _____ to 67 to 68 _____

Prod. L-6. [ ] **Count Three—Breach of warranty** by the following defendants *(names):*
         [ ] Does _____ to _____
   a. [ ] who breached an implied warranty
   b. [ ] who breached an express warranty which was
         [ ] written     [ ] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
         [ ] listed in Attachment-Prod. L-7     as follows:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]                    **CAUSE OF ACTION—Products Liability**          Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

001M630558725.tif - 2/17/2015 1:20:32 PM

1  STEVEN A. FABBRO, ESQ. SBN 107973
   LAW OFFICES OF STEVEN A. FABBRO
2  601 Montgomery Street, Suite 2000
   San Francisco, CA 94111
3  Telephone: (415) 391-6850
   Facsimile: (415) 391-6856
4
   Attorney for Plaintiff:
5  JOSEPH RICHARDSON

6

                    ENDORSED
                    FILED
                 ALAMEDA COUNTY

                   FEB 06 2015

          CLERK OF THE SUPERIOR COURT
          By  Louis Staley, Jr.

7                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                            COUNTY OF ALAMEDA

9

10  JOSEPH RICHARDSON,                    )  Case No. **RG15757762**
                                          )
11          Plaintiff,                     )
                                          )  **NOTICE OF ASSOCIATON OF**
12      vs.                               )  **COUNSEL FOR PLAINTIFF JOSEPH**
                                          )  **RICHARDSON**
13  OPTIMA NETWORK SERVICES, MASTEC,)
    INC., MASTEC NETWORK SOLUTIONS,       )
14  TRICAM INDUSTRIES, INC., TRICAM       )
    INDUSTRIES ASIA, LTD., and Does 1 to  )
15  100,                                   )
                                          )              **BY FAX**
16          Defendants.                    )
                                          )
17  _____ )

18

19      TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF

20  RECORD:

21      PLEASE TAKE NOTICE that the LAW OFFICES OF THOMAS J. KASTER hereby

22  associates with the Law Offices of Steven A. Fabbro in the above referenced case as counsel of

23  record for Plaintiff JOSEPH RICHARDSON for all purposes including Trial.

24      You are hereby requested to serve copies of all further pleadings, discovery, and other

25  documents in this case on all Plaintiff's counsel as follows:

ASSOCIATON OF COUNSEL                                           - 1 -
                                    105M629728805.tif - 2/6/2015 12:59:34 PM

1    STEVEN A. FABBRO, ESQ.              THOMAS J. KASTER, ESQ.
     LAW OFFICES OF STEVEN A. FABBRO    LAW OFFICES OF THOMAS J. KASTER
2    601 Montgomery Street, Suite 2000  120 Bulkley Avenue, No. 407
     San Francisco, CA 94111            Sausalito, CA 94965
3    Telephone: 415-391-6850            Telephone: 415-887-9000
     Facsimile: 415-391-6856            Facsimile: 415-887-8969
4    E-mail: fabbrolaw2001@yahoo.com

5
     DATED:  February 6, 2015           LAW OFFICES OF STEVEN A. FABBRO
6

7                                       _____

8                                       STEVEN A. FABBRO, ESQ.

9

10   DATED:  February 6, 2015           LAW OFFICES OF THOMAS J. KASTER

11

12                                      _____
                                        THOMAS J. KASTER, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25

ASSOCIATON OF COUNSEL

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:32 FAX  415 391 8856          STEVEN A FABBRO                      ☑026/035



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

001M630558725.tif - 2/17/2015 1:20:32 PM

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o  **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o  **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o  **Private Arbitration (binding and non-binding)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ADR Info Sheet.Rev 12/15/10                                              *Page 2 of 2*

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                              FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:
- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An initial Case Management Conference is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                    ▶ _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PLAINTIFF)

Date:

_____                    ▶ _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court,<br>rule 3.221(a)(4) |

02/17/2015 13:33 FAX   415 391 8858        STEVEN A FABBRO                    ☑ 029/035

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 (New January 1, 2010)

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:33 FAX  415 391 6856        STEVEN A FABBRO                    ☑ 030/035

```
┌                                      ┐      ┌                              ┐
  Law Offices of Steven A. Fabbro
  Attn: Fabbro, Steven A
  601 Montgomery Street
  Suite 2000
  San Francisco, CA  94111____
└                                      ┘      └                              ┘
```

## Superior Court of California, County of Alameda

| Richardson | No. RG15757762 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| Optima Network Services | **CONFERENCE AND ORDER** |
| **Defendant/Respondent(s)** | Unlimited Jurisdiction |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 06/22/2015 | Department: 24 | Judge: Frank Roesch |
|---|---|---|
| Time: 09:00 AM | Location: **Administration Building** | Clerk: Adeline Kanae |
| | **Third Floor** | Clerk telephone: (510) 267-6940 |
| | **1221 Oak Street, Oakland  CA 94612** | E-mail: |
| | | Dept.24@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1509 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory)** at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.

† Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-883-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/10/2015.

By _____

001M630558725.tif - 2/17/2015 1:20:32 PM

02/17/2015 13:33 FAX  415 391 6858          STEVEN A FABBRO                    ☒ 031/035

Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Richardson VS Optima Network Services | RG15757762 |

ADDITIONAL ADDRESSEES

Law Offices of Arnold Laub, APC
Attn: Kaster, Thomas J.          .
807 Montgomery Street
San Francisco, CA   94133

02/17/2015 13:34 FAX  415 391 8856        STEVEN A FABBRO                    ☒ 032/035

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG15757762
Case Title:   Richardson VS Optima Network Services
Date of Filing: 02/06/2015

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | **Frank Roesch** |
| Department: | **24** |
| Address: | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6940** |
| **Fax Number:** | **(510) 267-1509** |
| **Email Address:** | **Dept.24@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ, Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

001M630558725.lif - 2/17/2015 1:20:32 PM

### General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Frank Roesch
DEPARTMENT 24

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Meet and Confer Requirements are strictly enforced in Discovery Disputes. Counsel are reminded of their duty to act professionally and respectfully. (2) An informal discovery resolution process is provided for represented parties. Contact the clerk for details. (3) Courtesy Copies delivered directly to Dept 24 are required for all motions and applications. If said filing collectively measures two or more inches, please deliver the Courtesy Copy in binders separated with tabs and indexed. (4) DATES: email is preferred for scheduling. Court is in session all day and cannot respond adequately to phone calls. (5) Other than for scheduling matters, parties MUST COPY all sides when communicating via email with the Court. Email is NOT a substitute for filing pleadings/documents. Further, parties are reminded that the Court Clerk is prohibited from giving legal advice. (6) Self-represented parties are encouraged to use the Self-Help Center at RCD.

### Schedule for Department 24

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date. Email request will result in a faster response.

- Trials generally are held: Mondays through Thursdays at 9 a.m. Trial Readiness Conference set about 10 days prior to trial on Fridays at 10 am. Compliance with Local Rule 3.35 and personal appearance of trial counsel required on that date.

- Case Management Conferences are held: Monday, Wednesday and Friday at 9 a.m. Tentative orders are generally posted in advance.

- Law and Motion matters are heard: Tues and Thurs at 3:45 p.m. Litigants must contact the clerk to reserve a date before filing any law and motion matters. The

court does issue tentative rulings.  See Local Rule 3.30(c). To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard:  MSC may be set, but court resources are limited.  Counsel are encouraged to consider alternative dispute resolution options. MSC will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Monday through Thursday at 4 p.m.  Litigants must contact the clerk to reserve a date and time before noticing any party.

- Collection trials, prove-up hearings, and orders of examination are set on Fridays at 2 pm.

- In all matters, Counsel are expected to be familiar with the Statement of Professionalism and Civility published by the Alameda County Bar Association (www.acbanet.org).

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:      Dept.24@alameda.courts.ca.gov
  Phone:      510 267-6940

  Requests for Law & Motion or Ex Parte hearing dates must include: (1) Case Name; (2) Case Number; (3) Title of Motion; (4) Moving Party.

- Ex Parte Matters
  Email:      Dept.24@alameda.courts.ca.gov
  Phone:      510 267-6940

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24

- Phone:  1-866-223-2244

001M630558725.tif - 2/17/2015 1:20:32 PM

Dated: 02/09/2015

Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/10/2015

By

Deputy Clerk

001M030556725.tif - 2/17/2015 1:20:32 PM

# EXHIBIT B

1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
2  ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
   GOODMAN NEUMAN HAMILTON LLP
3  417 Montgomery Street, 10th Floor
   San Francisco, California 94104
   Telephone:     (415) 705-0400
4  Facsimile:      (415) 705-0411

5  Attorneys for Defendants
   TRICAM INDUSTRIES, INC. and
6  TRICAM INDUSTRIES ASIA, LTD.

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 0 2015

CLERK OF THE SUPERIOR COURT
Dorhan Pharr
                              Deputy

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    IN AND FOR THE COUNTY OF ALAMEDA

9  JOSEPH RICHARDSON,                   Case No.: RG15757762

10                         Plaintiff,   **TRICAM INDUSTRIES, INC.'S AND
                                        TRICAM INDUSTRIES ASIA, LTD.'S**
11 vs.                                  **ANSWER TO PLAINTIFF'S UNVERIFIED
                                        COMPLAINT**
12 OPTIMA NETWORK SERVICES,
   MASTEC, INC., MASTEC NETWORK
13 SOLUTIONS, TRICAM INDUSTRIES,
   INC., TRICAM INDUSTRIES ASIA
14 LTD., and DOES 1 TO 100,

15                         Defendants.

16

17       Defendants TRICAM INDUSTRIES, INC. and TRICAM INDUSTRIES ASIA LTD.

18 (hereinafter "Defendants"), in answer to the unverified Complaint of Plaintiff, deny each and

19 every, all and singular, allegation of the unverified Complaint, and deny that Plaintiff has been

20 injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all, as the

21 result of any act or omission of the answering Defendants.

22                       **FIRST AFFIRMATIVE DEFENSE**

23                   **Comparative Fault/Negligence of Plaintiff**

24       These answering Defendants allege that Plaintiff was himself careless and negligent in and

25 about the matters alleged in the Complaint, and that this carelessness and negligence on Plaintiff's

26 own part contributed as a proximate cause to the happening of the incident, the injuries, and loss

27 and damage complained of, and any recovery by Plaintiff should be reduced or eliminated based

28 upon comparative fault.

-1-

TRICAM INDUSTRIES, INC.'S AND TRICAM INDUSTRIES ASIA, LTD.'S
ANSWER TO UNVERIFIED COMPLAINT

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel: (415) 705-0400

## SECOND AFFIRMATIVE DEFENSE

### Comparative Fault/Negligence of Others

As a separate and further affirmative defense, these answering Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff were the negligence and fault of persons or entities other than these answering Defendants, for whose acts or omissions these answering Defendants are not legally or otherwise responsible.

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

As a separate and further affirmative defense, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject matter jurisdiction over Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Lack of Capacity

As a separate and further affirmative defense, these answering Defendants allege that said Complaint contains a defect in the parties whereby certain Plaintiffs lack capacity to sue for those claims set forth therein.

Goodman
Neuman
Hamilton LLP
417 Montgomery St,
10th Floor
San Francisco, CA
94104
Tel: (415) 705-0400

TRICAM INDUSTRIES, INC.'S AND TRICAM INDUSTRIES ASIA, LTD.'S
ANSWER TO UNVERIFIED COMPLAINT

1
2

### SEVENTH AFFIRMATIVE DEFENSE

#### Misjoinder of Parties

3     As a separate and further affirmative defense, these answering Defendants allege that said
4 Complaint arises from a misjoinder of named parties whereby Plaintiff or certain Plaintiffs lack
5 capacity to sue for those claims set forth therein.  Such misjoinder will result in prejudice to
6 Defendants.

7

### EIGHTH AFFIRMATIVE DEFENSE

8

#### Failure to Join Necessary Parties

9     As a separate and further affirmative defense, these answering Defendants allege that said
10 Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action
11 cannot proceed in the absence of the parties that should have been joined.

12

### NINTH AFFIRMATIVE DEFENSE

13

#### Real Parties in Interest

14     As a separate and further affirmative defense, these answering Defendants allege that
15 Plaintiff or certain Plaintiffs are not the real parties in interest, and lack standing to bring the
16 claims set forth therein.

17

### TENTH AFFIRMATIVE DEFENSE

18

#### Failure to Mitigate Damages

19     As a separate and further affirmative defense, these answering Defendants allege that at all
20 times and places mentioned in the Complaint, Plaintiff failed to mitigate their damages.  The
21 damages claimed by Plaintiff could have been mitigated by due diligence on their part or by one
22 acting under similar circumstances.  Any recovery by Plaintiff should be reduced or eliminated
23 due to their failure to mitigate their damages.

24

### ELEVENTH AFFIRMATIVE DEFENSE

25

#### Spoliation of Evidence

26     As a separate and further affirmative defense, these answering Defendants allege that
27 Plaintiff, either intentionally or negligently, failed to preserve the primary evidence relevant to
28 this litigation, thus failing to afford these answering Defendants an opportunity to inspect such

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-3-

1 │ evidence, thereby severely prejudicing Defendants.  Plaintiff is therefore barred from introducing

2 │ secondary or lesser evidence, and any recovery should be diminished accordingly.

3 │ **TWELFTH AFFIRMATIVE DEFENSE**

4 │ **Doctrine of Laches**

5 │     As a separate and further affirmative defense, these answering Defendants allege that

6 │ Plaintiff has unreasonably delayed in bringing this action to the prejudice of these Defendants and

7 │ this action is therefore barred by reason of the doctrine of laches.

8 │ **THIRTEENTH AFFIRMATIVE DEFENSE**

9 │ **Assumption of Risk**

10 │     As a separate and further affirmative defense, these answering Defendants allege that

11 │ Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there were, and

12 │ nevertheless voluntarily and with full appreciation of the amount of danger involved in their

13 │ actions and the magnitude of risk involved, assumed the risk of damages to themselves.

14 │ **FOURTEENTH AFFIRMATIVE DEFENSE**

15 │ **Causation**

16 │     As a separate and further affirmative defense, these answering Defendants allege that their

17 │ conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

18 │ **FIFTEENTH AFFIRMATIVE DEFENSE**

19 │ **No Notice of Dangerous Condition**

20 │     As a separate and further affirmative defense, these answering Defendants allege that it

21 │ had no notice, or inadequate notice, of any dangerous conditions that may or may not have existed

22 │ at the time of the losses alleged by Plaintiff, such that any preventative measures could have been

23 │ taken.

24 │ **SIXTEENTH AFFIRMATIVE DEFENSE**

25 │ **Products Liability - Unforeseeable Use**

26 │     As a separate and further affirmative defense, these answering Defendants allege that if

27 │ Plaintiff sustained injuries attributable to the use of any product manufactured by this Defendant,

28 │ which allegations are expressly denied, the injuries were caused in whole or in part by the

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-4-

TRICAM INDUSTRIES, INC.'S AND TRICAM INDUSTRIES ASIA, LTD.'S
ANSWER TO UNVERIFIED COMPLAINT

1  unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of
2  the product.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### Products Liability - Misuse and Abuse

As a separate and further affirmative defense, these answering Defendants allege that the
damages complained of in the Complaint were caused in whole or in part by the misuse and abuse
of the product.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### Statute of Limitations

As a separate and further affirmative defense, these answering Defendants allege that the
Complaint of Plaintiff is barred by the statute of limitations stated in Part 2, Title 2, Chapter 3, of
the California Code of Civil Procedure, beginning with Section 335, and continuing through
Section 349.4 and, more particularly, but not limited to, Sections 337, 337.1, 337.15, 337.5, 338,
339, 340 and/or 343.

### NINETEENTH AFFIRMATIVE DEFENSE

#### Workers' Compensation – Exclusive Remedy

As a separate and further affirmative defense, this answering Defendant alleges that
Plaintiff was, at all relevant times, special employees of Defendant OPTIMA NETWORK
SERVICES, acting in the course and scope of that special employment, and that this action is
therefore barred by the exclusive remedy provisions of the Workers' Compensation Act, as
contained in California Labor Code sections 3600, 3601, and 3602.

### TWENTIETH AFFIRMATIVE DEFENSE

#### Statute of Limitations

As a separate and further affirmative defense, these answering Defendants allege that at all
times material herein, the Plaintiff was in the course and scope of their employment and that
Plaintiff and their employer were subject to the provisions of the Workers' Compensation Act of
the State of California; that certain sums have been paid to or on behalf of Plaintiff herein under
the applicable provisions of the Labor Code of the State of California; that Plaintiff employer and

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-5-

1   Plaintiff's co-employees were negligent and careless and that such negligence and carelessness

2   proximately contributed to and caused the injuries of Plaintiff, if any; and that under the doctrine

3   of *Witt v. Jackson* such negligence and carelessness should reduce or eliminate any lien claim or

4   claim in a Complaint-In-Intervention which may be made for reimbursement of Workers'

5   Compensation benefits paid to or on behalf of Plaintiff.

6   ### TWENTY-FIRST AFFIRMATIVE DEFENSE

7   #### Warranty – Failure to State Cause of Action

8   As a separate and further affirmative defense, these answering Defendants allege that

9   Plaintiff's Complaint and each cause of action thereof, fails to state a cause of action in that

10  Plaintiff failed to give timely and proper notice of breach of warranty.

11  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

12  #### Products Liability – Modification, Alteration, and Change

13  As a separate and further affirmative defense, these answering Defendants allege that the

14  injuries and damages sustained by Plaintiff, if any, were solely and legally caused by the

15  modification, alteration or change of the product referred to in the Complaint and said

16  modification, alteration or change was performed by persons or entities other than these

17  answering Defendants and without Defendants' knowledge or consent.

18  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

19  #### (Apportionment)

20  As a separate and further affirmative defense, this answering Defendant alleges that if it is

21  found liable for any injury and damage to Plaintiffs, then said liability, if any must be limited to

22  this answering Defendant's proportionate share of fault, if any there be, pursuant to Code of Civil

23  Procedure Section 1431.2.

24  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25  #### (Alteration)

26  As a separate and further affirmative defense, this answering Defendant alleges that the

27  subject products/services/work identified in the Complaint were misused, modified, altered and/or

28  subjected to certain treatment by Plaintiffs and/or other unknown individuals or entities which

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-6-

substantially changed the performance, application characteristics, composition and formulation of the subject products after they left this answering Defendant's custody and control.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Compliance with Standards)

As a separate and further affirmative defense, this answering Defendant alleges that the methods and procedures it employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry, at all times mentioned herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Reservation of Rights

As a separate and further affirmative defense, these answering Defendants allege that Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and further affirmative defense, these answering Defendants allege that Plaintiff is barred from recovery by reason of his unclean hands.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Debt Offset)

As a separate and further affirmative defense, these answering Defendants allege that Plaintiff's alleged debt should be offset against monies owed by the Plaintiff to this answering Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Proposition 51)

As a separate and further affirmative defense, this answering Defendant alleges that if this answering Defendant is found liable for any injury and damage to Plaintiffs, then said liability for

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

TRICAM INDUSTRIES, INC.'S AND TRICAM INDUSTRIES ASIA, LTD.'S
ANSWER TO UNVERIFIED COMPLAINT

1   non-economic damages to Plaintiffs must be limited to this answering Defendant's proportionate

2   share of fault, if any there be, as defined by Cal. Civil Code Section 1431.2, et seq.

3   **THIRTIETH AFFIRMATIVE DEFENSE**

4   **Res Judicata**

5   As a separate and further affirmative defense, this answering Defendant alleges that

6   Plaintiffs' Complaint, and each of cause of action thereof, is barred by the doctrine of Res

7   Judicata.

8   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

9   **Collateral Estoppel**

10  As a separate and further affirmative defense, this answering Defendant alleges that

11  Plaintiffs' Complaint, and each of cause of action thereof, is barred by the doctrine of Collateral

12  Estoppel.

13  WHEREFORE, Defendants pray:

14  1.    Plaintiff takes nothing against them by his Complaint;

15  2.    Defendants have judgment for their costs of suit; and

16  3.    Such other and further relief as the court deems just and proper.

17  DATED: March 10, 2015                    GOODMAN NEUMAN HAMILTON LLP

18

19

20  By: _____
        JOSHUA S. GOODMAN
21      ZACHARY S. TOLSON
        Attorneys for Defendants
22      TRICAM INDUSTRIES, INC. and TRICAM
        INDUSTRIES ASIA, LTD.

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP

417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

-8-

TRICAM INDUSTRIES, INC.'S AND TRICAM INDUSTRIES ASIA, LTD.'S
ANSWER TO UNVERIFIED COMPLAINT

# PROOF OF SERVICE

**CASE NAME:** *Richardson, Joseph v. Tricam Industries, et al.*
**CASE NUMBER:** RG15757762
**DATE OF SERVICE:** March 10, 2015

**DESCRIPTION OF DOCUMENTS SERVED:**

    **TRICAM INDUSTRIES, INC.'S AND TRICAM INDUSTRIES ASIA, LTD.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**SERVED ON THE FOLLOWING:**

Steven A. Fabbro, Esq.
Law Offices of Steven A. Fabbro
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel.: (415) 391-6850
Fax: (415) 391-6856

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Goodman Neuman Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

*Michelle Valentine*
Michelle Valentine

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

# EXHIBIT C

# LAW OFFICES *of* ARNOLD LAUB
## A PROFESSIONAL CORPORATION

50th ANNIVERSARY
CORPORATE HEADQUARTERS • THE LAUB BUILDING
807 Montgomery Street • San Francisco, CA 94133

October 29, 2014

Paul Kaulas, Esq.

**VIA E-MAIL: pvk@mcveyparsky-law.com**

Re: My Client:    Joseph Richardson
Your Client:    Tricam Industries Asia, Ltd.
Date of Incident    2/7/13
Your Reference #:   49341309195527

Dear Mr. Lewis:

    This office represents Joseph Richardson in connection with serious injuries he suffered when he fell from a ladder while performing a job for Optima Networks on February 7, 2013. According to our investigation, the ladder was made by your client Tricam Industries.

## I. <u>LIABILITY</u>

    On February 7, 2013 my client Joseph Richardson was doing a wiring job for Optima Networks at its offices at 357 Stealth Court in Livermore. The ceiling had to be wired, requiring the use of a portable ladder. Optima provided a single section six-foot high Type 2 fiberglass ladder, with a duty rating of 225 pounds. According to Christopher Lewis, an adjuster for ESIS claims which is representing Optima Networks, the ladder was made by Tricam. His contact information is:

Christopher Lewis
ESIS, Inc.
ESIS Claims
P.O. Box 5128
Scranton, PA 18505
(813) 281-1481 (tel)
(800) 590-6481 (fax)
Chelsea.Dietsch@esis.com

    The same ladder had been used at the same job site the day before. My client weighed about 250 pounds at the time of the accident, and he estimates that a co-worker, Creion, was even

heavier, weighing about 275 pounds. They both worked the entire day of February 6, 2013, and the job continued February 7, with the subject accident occurring in the afternoon of the 7th. As my client climbed the ladder and neared the top, the ladder's frame bent and buckled to the right, causing the weight to shift and the ladder to tip over, throwing my client six feet to the floor along with the ladder.

Although the rated load capacity was 225 pounds, according to my client and Creion, there was no obvious warning on the ladder regarding the weight limit. It was then used in the normal fashion with one man on the ladder at a time over the course of two days. The subject ladder was not strong enough to support my client's weight, nor that of his co-worker Creion, and predictably the ladder failed. Tricam's failure to have a sufficient warning on the ladder constitutes negligence which resulted in my client sustaining serious injuries.

Moreover, under the doctrine of product liability your client is strictly liable in tort for manufacturing and supplying a defective product. The ladder was used in a manner that was reasonably foreseeable and the use involved a substantial danger not readily apparent. Adequate warnings of the weight limit and the dangers of exceeding it were not given, and Tricam is strictly liable for my client's injuries under California law.

## II. DAMAGES

When he fell to the floor, Mr. Richardson sustained direct trauma to his right wrist and his chin. Creion drove him home and his girlfriend drove him to the ER, however, the line was so long he decided to return home and take Motrin and rest. The right wrist continued to be painful and late that night his girlfriend drove him back to the emergency room at Sutter Delta Medical Center. He was suffering from severe pain in the right wrist and there was a deformity. He also had a cut on his lower lip from his teeth. X-rays showed a comminuted fracture of the distal radius and ulna with extension into the articular surface of posterior displacement, and angulation of the distal fracture fragments. A hematoma block was administered to decrease some of the posterior angulation, and some volar pressure. Postreduction x-ray showed better angulation of the bone, however, with the color and fracture to the articular surface, the patient was referred to an orthopedic doctor, and prescribed Norco and Augmentin.

On February 22, 2013 the patient was seen by Dr. Jaison James at Contra Costa Regional Medical Center to discuss surgery. Risks and complications included infection, nerve damage, blood loss, malunion, nonunion, symptomatic hardware, a need for removal of hardware, post-traumatic arthritis, persistent wrist pain, wrist stiffness, wrist weakness, right upper extremity edema, deep vein thrombosis, pulmonary embolism, and need for revision surgery. The patient signed the consent form, somewhat illegibly, because of the loss of function in the right hand, and he underwent an open reduction internal fixation (ORIF) of the right intraarticular distal radius fracture malunion with 3 plus fragments. Dr. James noted intra-operatively that the fracture was "highly comminuted" and that "...a significant amount of time was spent taking down the nonunion, the fracture callus, and hematoma and clots as well as scar tissue." The bone fragments had to be moved and reapproximated into the radial and ulnar columns and then

## LAW OFFICES of ARNOLD LAUB
### A PROFESSIONAL CORPORATION

anchored in with the installation of plates and screws. A local regional pain block was administered, but when that wore off Mr. Richardson's hand became quite painful. It was noted in the recovery room that the patient was screaming and complaining of pain, and an aching, burning sensation in the right arm.

On 3/7/13 the patient returned to Dr. James. Upon exam there was residual tenderness to palpation over the ulnar syloid, which was prominent. The remainder of the exam was essentially limited. X-rays showed a previous ORIF in better alignment and no evidence of hardware failure. However, there was suggestion of a distal radioulnar joint disk separation with an associated ulnar styloid fracture. The patient was given a wrist cock-up splint to be used at all times except when showering, prescribed additional pain medication, and instructed not to bear weight in the right upper extremity.

Mr. Richardson returned on 5/21/13 and the splint was removed. He reported that pain had been reduced and that he had been working on range of motion exercises at home. Dr. James ordered x-rays which showed the ORIF was in anatomic alignment. The patient was instructed to wear the splint as needed and advance toward weight bearing as tolerated in the right upper extremity. He was also referred to occupational therapy.

The patient followed up with Dr. James on 11/6/13. It was noted that he was unable to do a push-up using his right upper extremity. Dr. James further noted that the patient underwent therapy but unfortunately did not improve dramatically with regard to dorsiflexion and volar flexion of the wrist. Upon exam the patient could only dorsiflex the wrist to approximately 30 degrees, with volar flexion to approximately 60 degrees. The plan was to follow up in three months and if at that point the patient hd not improved his range of motion dramatically, hardware removal will be considered.

On 11/21/13 the patient went to his primary care physician at the Antioch Health Center because of a lump near his left nipple area. He informed his physician that he had been losing weight. The patient's vitals were taken and his weight was noted to be 269 pounds. Mr. Richardson returned to Dr. James on 2/6/14, experiencing some deficits with regard to volar flexion of the wrist. There was discussion about surgery to remove the hardware, and the patient decided to deliberate this. In the meantime Dr. James recommended that the patient continue with exercises as previously prescribed by physical therapy.

Mr. Richardson consulted with Dr. James on 6/26/14 about the surgery. It was noted that the patient had a severely comminuted intraarticular distal radius fracture, and that he has gone on to have symptomatic hardware. Again the risks of surgery were discussed. Dr. James further noted functional limitations of limited dorsiflexion of the wrist and that future treatment included the surgery and additional physical therapy. The patient returned on 7/21/14 for a pre-surgical physical. Weight was noted to be 261 pounds. The surgery to remove the symptomatic hardware was performed.

The patient returned on 8/11/14 and reported that with pain medication the pain had been under control. However, he was experiencing some paresthesias involving the right thumb. Dr. James ordered additional physical therapy. On 8/28/14 the patient was evaluated by occupational therapist Eugene Luk, who noted the patient had pain in the right dorsal thumb and index finger, decreased range of motion in the wrist and numbness in the thenar eminence. Current functional limitations included lifting and holding heavier items such as grocery bags. The patient was unable to perform toilet hygiene with his right hand. There was no resting pain reported but the pain level occasionally reached 7/10 at the right thumb/thenar eminence. Grip strength was only 35 in the right hand compared to 100 in the left. Mild edema in the dorsum was noted.

The therapist's assessment was that the patient was motivated. The short term goals were that the patient would reach a point plan where the pain level was reduced to 2/10 while doing toilet hygiene. Further goals were to gain 30 degrees in range of motion in order to perform heavy grasping tasks, and increase grip strength by 60 pounds to hold grocery bags, and a decreased incidence of paresthesias.

Therapy continued until September 18, 2014, and an additional course of therapy was recommended and commenced on October 9 as the patient is still experiencing numbness, especially in the right thumb, and grip strength and rage of motion are still quite restricted. Mr. Richardson is having difficulty performing many activities, including toilet hygiene. Showering is difficult. It is hard to remove lids and tops from bottles and containers. Mr. Richardson still can't carry heavy groceries or objects, and he has had to pay someone to do yardwork. Simple tasks such as washing dishes, which require two strong hands, are much more difficult. Although his therapists are still working with him to regain function in the right hand, it is exceedingly likely there will be significant permanent residuals from these injuries which will preclude him from working construction. The subject injuries impair his capacity to earn a living in this field and he will likely have to go into another occupation after his injuries have been fully rehabilitated.

Medical expenses incurred thus far are $40,768.76 with Contra Costa Health Services, which has asserted a lien in the amount of $31,791.17. After 1/1/14, the patient became a Medi-Cal beneficiary pursuant to the Affordable Care Act, and Medi-Cal has asserted a lien in the amount of $1,505.88. This does not include the cost of the 7/21/14 surgery and follow-up physical therapy, which is ongoing.

Mr. Richardson's injuries have been devastating. In addition to not being able to perform functions of daily living with his right hand, like wiping himself after a bowel movement, he still has pain and numbness. The hand feels cold much of the time, causing him to wear a glove 3-4 hours a day. He can't lift weights, do push-ups, and many of the exercises he used to do. Nor has he been able to participate in sports he formerly enjoyed which require like bowling and basketball, as his dominant right hand is too weak and painful.

# LAW OFFICES of ARNOLD LAUB
## A PROFESSIONAL CORPORATION

As it has been over a year and a half since the accident, it is exceedingly likely that at least some of the pain and loss of function are permanent.  My client is only 39 years old and his inability to use his right as he used to be able to, has caused him frustration and depression.

## III.   <u>CONCLUSION</u>

In light of the clear liability of your insured, the ongoing nature of the injuries and substantial medical expenses incurred and which continue to be incurred, as well as the permanency of the injuries, a demand is hereby made to settle this matter for $250,000.

Very truly yours,

Thomas J. Kaster

LAW OFFICES *of* ARNOLD LAUB

A  PROFESSIONAL  CORPORATION